UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ROSS,

    Plaintiff,                                                    Case No.

v.

FORD MOTOR COMPANY, a foreign corporation,

    Defendant.

---

PITT McGEHEE PALMER RIVERS & GOLDEN, P.C.
Beth M. Rivers (P33614)
Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: 248-398-9800
Fax: 248-398-9804
brivers@pittlawpc.com
rpalmer@pittlawpc.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Robert Ross, by and through his attorneys, Pitt, McGehee, Palmer, Rivers & Golden, P.C., complains against Defendant Ford Motor Company, as follows:

### INTRODUCTION

1. This is an age discrimination case arising out of the Defendant's failure to promote and termination of the Plaintiff.

2. Plaintiff Robert Ross, commenced employment with Defendant Ford Motor Company in January 1973.

3. Throughout his tenure, Plaintiff held many positions and performed several duties for the Defendant, predominantly at its Dearborn Tool and Die facility, including heavy machine operator, grinder and machining specialist.

4. Due to his tenure, skills and experience, Plaintiff was qualified to be a machinist specialist leader.

5. Defendant refused to place Plaintiff in the leader position and instead placed several younger, less qualified individuals in the position.

6. In an effort to entice older employees to retire, Defendant offered eligible employees an incentive to retire in or about February 2012.

7. Plaintiff rejected the offer despite pressure from management to accept the incentive and retire.

8. Following his decision not to accept the retirement offer, Plaintiff was subjected to intense scrutiny, unwarranted write-ups and discipline and denial of promotion to the leader position.

9. As a result of Defendant's treatment, Plaintiff suffered an anxiety attack in February 2012. After leaving the plant by ambulance, Plaintiff commenced a medical leave.

10. When Plaintiff returned to work, Defendant's manager continued to issue unwarranted discipline, telling his co-workers that they intended to write him up until he retires or is terminated.

11. Suffering from severe anxiety due to his treatment on the job and his employer expressed intent to end his employment, Plaintiff felt that he had no option other than to submit his retirement papers on July 30, 2012.

12. Plaintiff retired effective August 31, 2012.

## PARTIES, JURISDICTION AND VENUE

13. Plaintiff Robert Ross resides in Genesee County, Michigan.

14. Defendant Ford Motor Company is a Delaware Corporation with its headquarters and principal place of business in Dearborn, Michigan.

15. This Court has subject matter jurisdiction over this matter because Plaintiff's claims arise under federal law.

16. Venue is proper in the Eastern District of Michigan because all of the events giving rise to this case and controversy occurred in the Eastern District of Michigan and because Defendant resides within the Eastern District of Michigan.

17. Prior to filing this lawsuit, Plaintiff filed a timely charge of age discrimination with the Equal Employment Opportunity Commission.

18. This Complaint is filed within 90 days of Plaintiff's receipt of a notice of right-to-sue from the EEOC.

## GENERAL ALLEGATIONS

19. Plaintiff Robert Ross was born in 1953.

20. Plaintiff commenced employment with Defendant in January 1973 as an hourly assembly employee.

21. During his employment, Plaintiff was employed in several positions for Defendant including heavy machinery, grinder, and machining specialist.

22. Throughout his employment, Plaintiff's performance was fully satisfactory and met the legitimate expectations of Defendant.

23. While employed by Defendant, Plaintiff was often assigned as the temporary machining specialist leader based on his skills, experience and qualifications.

24. Despite his qualifications and expressed interest in the position, Defendant refused to place Plaintiff in the machining specialist leader position on a permanent basis.

25. In 2012, Defendant had several openings for the machinists specialist leader position. Each of those positions was filled by a younger individual with less experience and qualifications for the position than that possessed by Plaintiff.

26. In early 2012, Defendant instituted an incentive program to entice older more senior employees into retiring from employment. Defendant's managers urged Plaintiff to accept the incentive and retire.

27. Plaintiff did not want to retire so he resisted the efforts by Defendant's supervisors and managers.

28. When Plaintiff explained that he wanted to continue working, Defendant's manager became very upset and began to harass Plaintiff by yelling at him for asking questions about his job, standing next to Plaintiff and watching and writing down every move the Plaintiff made, sitting on Plaintiff's machine and micro-managing him, accusing Plaintiff of leaving the job without permission knowing that he had gone outside for a smoke break per Ford policy, and disciplining Plaintiff for matters for which others were not disciplined.

29. As a result of his micro-management and unwarranted scrutiny, Plaintiff suffered an anxiety attack at work causing a spike in his blood pressure and was taken by ambulance to the hospital, where Plaintiff was diagnosed with an anxiety disorder. Plaintiff was off work for 8 days.

30. Although Plaintiff returned to work, his physician required him to take medication for stress and attend counseling.

31. After Plaintiff returned to work following a brief medical leave, Defendant continue to micro-manage, overly scrutinize his work and issue unwarranted discipline for incidents for which other younger employees were not disciplined.

32. On July 31, 2012, Defendant's manager, Gary Schmidt, stated that Defendant intended to continue to write Plaintiff up until he retired or was terminated.

33. As a result of this statement and the continuing harassment by Defendant's managers, Plaintiff was compelled to retire despite the fact that he wanted to continue working.

34. Plaintiff notified Defendant on July 31, 2012 that he was forced to retire. Plaintiff's official last day of work was August 31, 2012.

35. Following Plaintiff's retirement, Defendant filled two additional machinist leader positions with younger individuals.

36. As a direct and proximate result of Defendant's discriminatory actions described above, Plaintiff has suffered and will continue to suffer extensive economic and non-economic damages.

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
## AGE DISCRIMINATION

37. Plaintiff incorporates all of the above allegations as if stated in full herein.

38. Under the Age Discrimination in Employment Act (ADEA), Defendant was legally obligated to refrain from taking adverse employment action against Plaintiff because of his age.

39. In violation of its obligations under the ADEA, Defendant refused to promote Plaintiff to leader and constructively discharged him because of his age.

40. Defendant discriminated against Plaintiff by treating her more harshly than similarly situated and substantially younger employees.

41. Defendant's violation of the ADEA was willful.

42. As a result of Defendant's willful violation of the ADEA, Plaintiff has suffered and will continue to suffer both economic and non-economic damages.

43. Accordingly, Plaintiff requests the following relief:

   a. An order of reinstatement to his former position or suitable alternative position;

   b. An order of the court awarding Plaintiff back pay and other forms of economic compensation as permitted by the ADEA;

   c. An order of the court awarding Plaintiff liquidated damages at two times his lost wages as provided for in the ADEA;

   d. An order of the court awarding Plaintiff interest, costs and attorney fees; and

   e. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

## COUNT II
## ELLIOTT LARSEN'S CIVIL RIGHTS ACT

44. Plaintiff incorporates by reference all of the allegations contained above as though stated in full herein.

42. Defendant is an employer within the meaning of the ELCRA.  MCL 37.2201.

43. At all times relevant to this action, it was the duty of Defendant to refrain from discharging, failing to promote or otherwise discriminating against Plaintiff with respect to his employment because of his age.

44. In violation of this duty, Defendant failed to promote and forced Plaintiff to retire because of his age.

45. As a direct result of the Company's violation of Plaintiff's rights under the ELCRA, he has suffered economic damages and has experienced, and will continue to experience, substantial emotional distress, humiliation and embarrassment resulting from his lost promotion and forced retirement.

46. Accordingly, Plaintiff requests the following relief:

a. An order of reinstatement;

b. An order of the court awarding Plaintiff back pay, future damages and other forms of economic compensation as permitted by the ELCRA;

c. An order of the court awarding Plaintiff compensation for emotional distress, humiliation, embarrassment and mental anguish as permitted under the ELCRA;

d. An order of the court awarding Plaintiff interest, costs and attorney fees; and

e. Such other relief as this court deems just and equitable.

Respectfully submitted,

PITT MCGEHEE PALMER RIVERS & GOLDEN, P.C.

By: /s/Beth M. Rivers (P33614)
Beth M. Rivers (P33614)
Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: 248-398-9800
Fax: 248-398-9804
brivers@pittlawpc.com
rpalmer@pittlawpc.com

Dated: July 16, 2013

## **DEMAND FOR JURY TRIAL**

Plaintiff Robert Ross, by and through his attorneys, Pitt McGehee Palmer River & Golden, P.C hereby demands a trial by jury of all issues in the within cause of action.

Respectfully submitted,

PITT MCGEHEE PALMER RIVERS & GOLDEN, P.C.

By: /s/Beth M. Rivers (P33614)
Beth M. Rivers (P33614)
Robert W. Palmer (P31704)
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: 248-398-9800
Fax: 248-398-9804
brivers@pittlawpc.com
rpalmer@pittlawpc.com

Dated: July 16, 2013